UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

MICHAEL SMITH,                    )
                                  )
        Plaintiff,                )        Civil Action No. 0:20-CV-00092-CHB
                                  )
v.                                )
                                  )        **MEMORANDUM OPINION AND**
KILOLO KIJAKAZI,                  )        **ORDER**
Commissioner of Social Security,  )
                                  )
        Defendant.                )

                    \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on cross-motions for Summary Judgment. [R. 16, R. 18]. The Plaintiff, Michael Smith, exhausted his administrative remedies and brought this action under 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act. The Court, having reviewed the record and the parties' motions, will deny the Commissioner's Motion, will grant in part Plaintiff Smith's Motion, and will remand this matter for further proceedings consistent with this opinion.

## I.      Procedural and Factual Background

On November 10, 2016, Smith filed an application for SSI benefits, alleging he became disabled on July 1, 2011. [R. 13–4, p. 19; R. 13–7, pp. 2–8]. His application was initially denied and again on reconsideration, after which he requested a hearing before an Administrative Law Judge (ALJ). [R. 13–4, p. 19; R. 13–5, p. 28; R. 13–6, pp. 9–17]. The ALJ held a hearing on August 6, 2019, and subsequently issued an unfavorable decision on August 27, 2019, finding

Smith was not disabled since November 10, 2016.[1] [R. 13–4, pp. 19–27, 48–74]. The Appeals Council denied his request for review, and the ALJ's decision became the final decision of the Commissioner. *Id.* at 2–4. Smith then filed his Complaint against the Commissioner in this Court. [R.1].

## II.    Standard of Review

This Court's review of the Commissioner's decision is limited to determining whether it is supported by "substantial evidence" and made in accordance with proper legal standards. *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted).  "Substantiality must also be based on the record 'as a whole.'" *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing *Allen v. Califano,* 613 F.2d 139 (6th Cir. 1980)). However, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ," the Court must uphold the Commissioner's decision.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  This Court cannot review the case de novo,

---

[1] Smith originally claimed he became disabled on July 1, 2011. [R. 13–7, pp. 2–8]. However, under social security regulations, SSI benefits are not payable prior to the month after an application has been filed. *See* 20 C.F.R. § 416.335; [R. 13–4, p. 19]. Consequently, Smith amended his alleged onset date to November 10, 2016, the date on which he filed his application. [R. 13–4, p. 50]. In turn, the ALJ considered whether Smith was disabled on or after November 10, 2016 (not July 1, 2011). *Id.* at 19–27.

resolve conflicts of evidence, or decide questions of credibility. *Cutlip*, 25 F.3d at 286; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

To determine disability under the Social Security Act, the ALJ must conduct a five-step analysis. 20 C.F.R. § 416.920.

1. First, plaintiff must demonstrate that [he] is not currently engaged in "substantial gainful activity" at the time [he] seeks disability benefits.

2. Second, plaintiff must show that [he] suffers from a "severe impairment" to warrant a finding of disability.

3. Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.

4. Fourth, if the plaintiff's impairment does not prevent [him] from doing [his] past relevant work, plaintiff is not disabled.

5. For the fifth and final step, even if the plaintiff's impairment does prevent [him] from doing [his] past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the ALJ makes a dispositive finding at any point in the five-step analysis, the review terminates. *Id.*; 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof during the first four steps; the burden shifts to the Commissioner at step five to prove the availability of other work in the national economy that the claimant is capable of performing. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The claimant always retains the burden of proving lack of residual functional capacity (RFC).[2] *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

## III.    Analysis

---

[2] An individual's residual functional capacity is the most an individual can still do despite his or her impairment-related limitations. 20 C.F.R. § 416.945(a)(1).

The ALJ followed the five-step evaluation process as required by SSA regulations. [R. 13–4, pp. 21–27]. At step one, the ALJ found Smith had not engaged in substantial gainful activity since November 10, 2016, the alleged onset date. *Id.* at 21. At step two, the ALJ found Smith had the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy/neuropathy, status post fusion with subsequent laminectomy, foraminotomy, facetectomy, removal of hardware and re-bone grafting; history of osteomyelitis/post-surgical epidural abscess of lumbar spine with MRSA, state post pick line placement; pseudoarthrosis of the lumbar spine status post spinal fusion/unspecified closed wedge fracture; history of right femur fracture, state post ORIF with intramedullary nail and screws; right knee patellar fracture; cardiomyopathy; left ventricular dysfunction; sinus tachycardia; obesity and hypertension. *Id.* The ALJ also determined that Smith had the following non–severe impairments: cataracts; vision deficit; depression; anxiety; status post tonsillectomy; status post cholecystectomy; iron deficiency; amenia; colitis; leg laceration; left thumb sprain; hyperthyroidism; restless leg syndrome; hypomagnesemia; hypokalemia; GERD; acute bilateral deep vein thrombosis; cannabis use disorder; history of alcohol abuse in remission by report; and hearing loss by report. *Id.*

At step three, the ALJ determined Smith did not have an impairment or combination of impairments that met or medically equaled in severity one of the listed impairments. *Id.* at 22. At step four, the ALJ determined Smith's RFC, finding that he could perform "light work"[3] with the following limitations:

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [one] must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

Except the claimant can occasionally push and pull using the lower extremities; can occasionally climb stairs and ramps, but cannot climb ropes, ladders and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to temperature extremes, humidity, wetness, pulmonary irritants and vibration; and cannot work at unprotected heights or around hazards such as heavy equipment.

*Id.* at 23.

The ALJ determined that Smith had no past relevant work. *Id.* at 26. However, based on the RFC and the testimony of a vocational expert, the ALJ concluded that Smith could perform other jobs existing in significant numbers in the national economy. *Id.* As a result, the ALJ found Smith was "not disabled." *Id.* at 27.

On appeal, Smith makes three arguments: (1) the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to consider "all relevant evidence in the record," including but not limited to, a 2017 consultative examination by Dr. Jonelle DeLawrence; (2) the ALJ failed to properly evaluate Smith's subjective complaints of pain; and (3) the ALJ failed to perform a drug and alcohol (DAA) materiality analysis in accordance with 20 C.F.R. § 416.935. [R. 16–1, pp. 5, 7, 10, 14].

## A.  Evaluation of Medical Opinions

### i.  Dr. Jonelle DeLawrence

ALJs must evaluate every medical opinion[4] they receive, regardless of the opinion's source. 20 C.F.R. § 416.927(c).[5] When it comes to the disability determination, the medical opinion(s) must also always be considered "together with the rest of the relevant evidence [the

---

[4] "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1).

[5] For claims filed before March 27, 2017, medical opinions are evaluated under 20 C.F.R. § 416.927. For claims filed after March 27, 2017, the rules in 20 C.F.R. § 416.920c apply. Smith filed his claim on November 10, 2016. [R. 13–4, p. 19; R. 13–7, pp. 2–8]. Thus, 20 C.F.R. § 416.927 is applicable in this case.

ALJ] receives." 20 C.F.R. § 416.927(b). "The Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Hale v. Comm'r of Soc. Sec.*, 307 F. Supp.3d 785, 792 (S.D. Ohio 2017) (citing *Snell v. Comm'r of Soc. Sec.*, No. 3:12–CV–119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013)). The hierarchy proceeds as follows: (1) treating physicians; (2) examining physicians; and (3) physicians that only review the claimant's records. *Snell*, 2013 WL 372032, at *9.

Generally, a treating source[6] is given more weight than other medical opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations …" 20 C.F.R. § 416.927(c)(2). In fact, a treating source's opinion must be given "controlling weight" if it is "'well–supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record.'" *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

Examiners are "examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9; *see also Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007) (quoting 20 C.F. R. § 404.1502)) ("An examining source 'has examined the claimant but does not have, or did not have, an ongoing treatment relationship with [him].'"). [7] More weight is given to the medical opinion of a source who has examined the

---

[6] "Treating source means [a claimant's] own acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 416.927(a)(2).

[7] While this case quotes 20 C.F.R. Part 404, which governs claims for disability insurance benefits (DIB) under Title II of the Social Security Act, it is applicable here since its provision are substantively identical to the provisions of 20 C.F.R Part 416, which governs SSI claims.

claimant than to the medical opinion of medical source who has not examined the claimant. 20 C.F.R. § 416.927(c)(1). Record reviewers are non–examining physicians, and thus, their opinions "are on the lowest rung of the hierarchy of medical source opinions." *Snell*, 2013 WL 372032, at *9. As can be inferred from the above hierarchy, "the regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." SSR 96–6p, 1996 WL 374180, at *2 (July 2, 1996).

In the absence of a controlling treating source opinion, an ALJ must consider the following factors when evaluating and apportioning weight to "any medical opinion": examining relationship; treatment relationship; length of the treatment relationship and frequency of examination; nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors which tend to support or contradict the medical opinion. 20 C.F.R. § 416.927(c)(1)–(6). While an ALJ is required to give "good reasons" in his written decision for the weight he assigns a treating physician's opinion, he is not required to do so for opinions from physicians who have examined but not treated the claimant. *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (internal citation omitted). Nonetheless, the ALJ must still "say enough 'to allow the appellate court to trace the path of his reasoning.'" *Id.* (citation omitted).

In her Motion for Summary Judgment, the Commissioner asserts that Smith "does not challenge the ALJ's evaluation of the medical opinion evidence…" [R. 18, p. 7]. The Court, however, disagrees. Smith's first argument is that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to consider all the relevant evidence in the record. [R. 16–1, p. 5]. In listing the evidence that the ALJ failed to consider, Smith specifically

mentioned a 2017[8] opinion by Dr. Jonelle DeLawrence, a consultative examiner. *Id.* at 7. Thus, while Smith's challenge to the opinion evidence was not as direct or outlined as one would expect in a motion for summary judgment, it was sufficiently articulated to bring the issue to the Court's attention.

On January 24, 2017, Dr. Jonelle DeLawrence evaluated Smith during a consultative examination. [R. 13–9, pp. 126–32]. In her opinion, Dr. DeLawrence made the following findings: (1) Smith has the ability to perform activities involving sitting, standing, moving about, handling objects with both hands, including writing, sitting, buttoning, and picking up small objects; (2) Smith is unable to kneel, squat, or lift weights heavier than 20 pounds; (3) Smith is not able to twist or bend in any direction; (4) Based on the findings from the physical examination, it is reasonably expected that Smith would have severe difficulty performing activities; (5) Smith does not demonstrate evidence of neurologic deficit with strength being 5/5 in all extremities; (6) Smith does not demonstrate evidence of sensory loss or reflex abnormality; (7) Smith does demonstrate motor dysfunction; (8) Smith can hear and understand normal conversational speech; (9) Smith has normal fine and gross manipulation; (10) Smith's grip strength is 5/5 in both hands; and (11) Smith demonstrates normal goal–orientated activity. *Id.* at 129.

Since a treating physician's opinion does not exist in the record, and thus, an opinion with controlling weight is absent, the ALJ was required to evaluate Dr. DeLawrence's opinion in accordance with the factors listed in 20 C.F.R. § 416.927(c). In his opinion, the ALJ states that he complied with such requirements. [R. 13–4, p. 23]. However, upon review of the ALJ's opinion, the Court finds that he did not. In fact, the ALJ neither mentioned nor cited to, let alone

---

[8] Smith mistakenly states that the examination was performed on January 24, 2016. [R. 16–1, p. 7]. However, the examination actually occurred on January 24, 2017. [R. 13–9, p. 126].

assigned weight to, Dr. DeLawrence's opinion, which opined more restrictive limitations than the other medical opinions in the record, when fashioning Smith's RFC. As a result, the Court cannot find that the ALJ satisfied the procedural requirements for assigning weight to a non–treating (but examining) physician's opinion. Thus, the question now becomes whether this failure is a harmless error.

In *Dykes ex. rel. Brymer v. Barnhart*, an unpublished opinion, the Sixth Circuit held that the failure to assign weight to the opinion of a consultative examiner may constitute harmless error if the ALJ's decision is otherwise supported by substantial evidence. 112 F. App'x 463, 468 (6th Cir. 2004). In that case, the ALJ briefly mentioned a consultative physician's opinion, but failed to assign it weight or provide a rationale for rejecting it. *Id.* The Sixth Circuit found such failure to be a harmless error and not warranting reversal because the ALJ's non-disability determination was supported by substantial evidence for the following reasons: First, the ALJ did not completely ignore the consultative physician's opinion but referenced it once. *Id.* Second, the record contained opinions from other treating physicians that supported the ALJ's finding of no disability. *Id.* at 468–69. Lastly, the consultative physician's own report provided evidence that the claimant was not disabled because it opined the claimant had normal range of motion on her cervical spine and all joints (other than her lower back); normal gait, balance, and grip strength; no sensory deficits; and that the claimant could "stand and/or walk for a total of at least two hours in an 8 hour work day." *Id.* at 469.

*Dykes*, however, is distinguishable from the case at bar. Here, the ALJ completely ignored Dr. DeLawrence's opinion, neither mentioning nor citing to it once; the record does not contain treating physicians' opinions in support of the ALJ's ultimate RFC determination; and Dr. DeLawrence's opinion can be construed to support a finding of disability, or at least a more

restrictive RFC than the one calculated by the ALJ. For example, among other things, Dr.

DeLawrence found that Smith is unable to kneel, squat, lift weights heavier than 20 pounds, or

bend or twist in any direction. [R. 13–9, pp. 129]. This is inconsistent with the ALJ's RFC

finding, which determined that Smith could "occasionally" balance, stoop, kneel, crouch, and

crawl. [R. 13–4, p. 23]. Further, in more recent cases, the Sixth Circuit has not viewed the *Dykes*'

rationale in a favorable light, finding that an ALJ cannot rely on substantial evidence to evade

SSA regulations and requirements. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)

(quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)) ("An ALJ's failure

to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the

conclusion of the ALJ may be justified based upon the record.'"); *see also Jackson v. Comm'r of

Soc. Sec.*, 2015 U.S. Dist. LEXIS 129266, at *25–26 (S. D. Ohio Sept. 25, 2015) (quoting

*Wilson*, 378 F.3d at 546) ("To recognize substantial evidence as a defense to non–compliance

with Agency regulations 'would afford the Commissioner the ability to violate the regulation

with impunity and render the protections promised therein illusory.'").

    As a result, this Court finds that "[a]n error is harmless only if remanding the matter to

the agency 'would be an idle and useless formality' because 'there is [no] reason to believe that

[it] might lead to a different result.'" *Stacey*, 451 F. App'x at 520 (quoting *Kobetic v. Comm'r of

Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004)). In *Stacey*, the Sixth Circuit found that the ALJ

erred when he failed to account for an examining (but not treating) physician's opinion that

conflicted with the ultimate RFC determination. *Id.* at 7–8. The court found the error was not

harmless because without an articulated reasoning to follow, the court could not determine if the

ALJ had valid or invalid grounds, based on the other evidence in the record, to disregard the

examining physician's opinion. *Id.* at 7–8.

The same is true here. Because the ALJ failed to even reference Dr. DeLawrence's opinion, the Court has no idea whether the ALJ considered the opinion, affirmed or discounted the opinion based on legitimate or illegitimate reasons, or ignored the opinion all together. *See id.* This is troubling since, as explained above, proper evaluation of Dr. DeLawrence's opinion, which is inconsistent with the ALJ's RFC determination, could lead to a different result (i.e., a finding of disability or a more restrictive RFC). Thus, a remand is warranted. *See Richardson v. Saul*, 511 F. Supp.3d 791, 800–02 (E.D. Ky. 2021) (where remand was warranted because the ALJ failed to consider the opinion of an examining physician); *see also Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 528–30 (6th Cir. 2014) (same). On remand, the ALJ is instructed to fulfill his obligations to weigh Dr. DeLawrence's opinion and show on the record that he considered the relevant factors in his determination. *See* 20 C.F.R. § 416.927(c)(1)–(6).

### ii. Other Evidence

Smith also argues that the ALJ failed to provide substantial evidence for his RFC determination because he did not mention certain information within the record in his opinion, such as specific examination dates, notes, and other coping mechanisms (e.g., the use of a wheelchair during a doctor's visit). [R. 16–1, pp. 5, 12–14]. However, an ALJ is not required to take such detailed measures. *See Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005) (quoting *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004)) ("An ALJ need not cite every piece of evidence in the record and 'an ALJ's failure to cite specific evidence does not indicate it was not considered.'"). Consequently, this Court will not require the ALJ to cite to every piece of evidence before him. Instead, the Court will simply remind the ALJ that for his opinion to be sufficient under the law, it must provide a clear, traceable reasoning for the Court to follow. *See Smith v. Comm'r of Soc. Sec.*, No. 3:20–CV–4, 2021 U.S. Dist. LEXIS 30863, at

11

*9 (N.D. Ohio Feb. 19, 2021) (quoting *Stacey*, 451 F. App'x at 519) ("The Sixth Circuit has held that an ALJ's explanation should be sufficient 'to allow the appellate court to trace the path of his reasoning.'").

### B.   Evaluation of Subjective Complaints of Pain

The Court declines to address Smith's credibility argument at this time since the ALJ's credibility determination may change upon proper evaluation of Dr. DeLawrence's medical opinion. *See* 20 C.F.R. § 416.929(c)(2), (3) (stating that ALJs are required to consider all the evidence in record, including objective medical evidence, when making a credibility determination).

### C.   DAA Materiality Analysis

Lastly, Smith argues the ALJ "failed to follow the law with regard to determining whether or not substance–abuse is a factor material to the decision." [R. 16–1, p. 10]. That statement, however, is the extent of Smith's claim, leaving the argument wholly undeveloped, and therefore, waived. *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)) ("It is well–established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'"). Nonetheless, the Commissioner responded, arguing that since "the ALJ did not find [Smith] disabled, even factoring in his substance abuse," a DAA materiality analysis was not required. [R. 18, p. 6]. The Commissioner is correct. Thus, even though Smith's argument on this issue is primitive at best, the Court will address the issue on its merits since the Commissioner has countered Smith's assertion with the correct legal standard and conclusion.

Under the Social Security Act, "[a]n individual shall not be considered to be disabled …
if alcoholism or drug addiction would … be a contributing factor material to the Commissioner's
determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). Social Security Ruling
13–2p, 2013 SSR LEXIS 2 governs the evaluation of cases involving drug addiction and
alcoholism. *See* SSR 13–2p, 2013 SSR LEXIS 2, 2013 WL 621536 (Feb. 20, 2013), *amended*,
March 22, 2013. Under this ruling, the analysis of whether DAA is a contributing factor material
to the disability determination is to be applied when a claim includes evidence from "acceptable
medical sources … establishing that DAA is a medically determinable impairment(s)." *Id.* at *3
(citing 20 C.F.R. §§ 404.1513, 416.913). The ALJ makes a DAA materiality determination only
when: (1) there is "medical evidence from an acceptable medical source establishing that a
claimant has a Substance Use Disorder," and (2) the claimant is found to be disabled
"considering all impairments, including the DAA." *Id.* at *10; *see also* 20 C.FR. § 416.935(a).

Here, the ALJ fully complied with SSR 13–2p, 2013 SSR LEXIS 2. The ALJ listed
Smith's "cannabis use disorder" as a non–severe impairment and discussed Smith's drug use
throughout his opinion. [R. 13–4, pp. 21, 25]. However, the ALJ ultimately concluded that the
objective medical evidence did not support a finding of disability, even with consideration of
Smith's reliance on marijuana. *Id.* at 27. As a result, the ALJ was not required to perform a DAA
materiality analysis. *See Riley v. Comm'r of Soc. Sec.*, No. 1:18–cv–814, 2020 U.S. Dist. LEXIS
48261, at * 31 (S. D. Ohio Mar. 20, 2020) ("SSR 13–2p, 2013 SSR LEXIS 2 …requires a
disability finding as a prerequisite to the application of the DAA materiality determination.").
However, on remand, if the ALJ determines that Smith is disabled after considering all the
objective medical evidence, including Dr. DeLawrence's medical opinion, and Smith's drug
disorder, a DAA materiality analysis will be required. *See* SSR 13–2p, 2013 SSR LEXIS 2.

IV.     **Conclusion**

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Generally, benefits may be awarded immediately "only if all essential issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Hale v. Comm'r of Soc. Sec.*, 307 F. Supp.3d at 796 (citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). Smith's Motion asks the Court to "remand with directions to pay [him]." [R. 16–1, p. 14]. For the reasons stated herein, the Court will remand this matter for additional proceedings consistent with this Memorandum Opinion and Order but declines Smith's request for immediate award of benefits. At this point, the Court cannot conclude that factual issues have been resolved such that the Court can award benefits. Accordingly, for the reasons stated above,

**IT IS ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgement **[R. 16]** is **GRANTED in part**.

2. The Commissioner's Motion for Summary Judgment **[R. 18]** is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) with instructions to consider all the evidence in the record concerning Plaintiff's physical impairments when determining his residual functional capacity and to adequately evaluate all medical opinions in accordance with the regulations. The ALJ is also to consider how proper evaluation of all medical opinions in the record may impact his other findings, such as his credibility determination and need for a DAA materiality analysis.

4. A judgment will be entered contemporaneously with this Order.

This the 27th day of December, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY